Mark Yablonovich (SBN 186670)
Marc Primo (SBN 216796)
Joseph Cho (SBN 198844)
Shawn Westrick (SBN 235313)
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, California 90067
Telephone: (310) 556-5637
Facsimile: (310) 861-9051

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

STEPHEN L. WEISBARTH, individually, and on behalf of all other members of the general public similarly situated,
DAVID LIST, individually, and on behalf of all other members of the general public similarly situated,

Plaintiffs,

vs.

H&R BLOCK FINANCIAL ADVISORS, INC.; and DOES 1 through 20, inclusive,

Defendants.

**Case Number:** CV-070236 DDP (CWx)

[Assigned to Magistrate Judge Carla Woehrle for discovery matters]

**DISCOVERY MATTER**

**NOTICE OF MOTION AND MOTION TO COMPEL RE PLAINTIFFS' SPECIAL INTERROGATORIES, SET TWO, NOS. 16-18**

[filed concurrently with the Joint Stipulation; Declaration of Theresa Mak; Declaration of Shawn Westrick; Compendium of Foreign Authority; and [Proposed] Order]

Hearing Date:      April 8, 2008
Hearing Time:      10:00 a.m.
Courtroom:          640

---

NOTICE OF MOTION AND  PLAINTIFFS' MOTION TO COMPEL SPECIAL INTERROGATORIES, SET TWO, NOS. 16-18

**TO THE HONORABLE COURT, DEFENDANT H&R BLOCK FINANCIAL ADVISORS, INC. AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 8, 2008 at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 640 of the above referenced court located at 255 East Temple, Los Angeles, California 90012, Plaintiffs David List and Stephen L. Weisbarth will and hereby do move, pursuant to Federal Rules of Civil Procedure ("FRCP") 26(b) and 33(a), for an order compelling further responses to Plaintiff List's Special Interrogatories, Set Two, Nos. 16-18 ("SROGs").  Defendant has unjustifiably refused to respond to the SROGs in violation of the FRCP, has not participated in the discovery process in good faith, and all without substantial justification.

This Motion is made on the following grounds:

1.) The parties had their FRCP 16 Scheduling Conference with Judge Pregerson on April 16, 2007;

2.) Plaintiff List served the SROGs by mail on July 27, 2007;

3.) Defendant provided pure objections on August 31, 2007;

4.) The SROGs are necessary to support Plaintiffs' Motion for Certification.  The identities of putative class members, who are also percipient witnesses, will likely have relevant information on issues such as typicality and numerosity.  They will likely be able to identify common policies in effect regarding putative class members' duties.  They will likely be able to identify common issues in effect regarding Defendant's compensation policies.  They will likely be able to assist Plaintiffs in common issues regarding Defendant's polices towards meal and rest periods;

5.) The parties met and conferred pursuant to Local Rule 37-1 and FRCP 37(a)(2) on September 12, 2007;

6.)    Resolution of this discovery dispute was continued to facilitate settlement discussions;

7.)    The mediation on February 26, 2008, was unsuccessful and this dispute must now be resolved.

This Motion will be based upon this Notice, the following Joint Stipulation, the Declaration of Theresa Mak, Declaration of Shawn Westrick, Compendium of Foreign Authority, [Proposed] Order, the pleadings and papers on file herein, and upon any other matters that may be presented to this Court at the hearing.


Dated: March 14, 2008                    INITIATIVE LEGAL GROUP LLP


By:    _____/s/ Shawn Westrick_____
       Mark Yablonovich
       Marc Primo
       Joseph Cho
       Shawn Westrick
       Attorneys for Plaintiffs/Class Members

1 | Mark Yablonovich (SBN 186670)
2 | Marc Primo (SBN 216796)
    Joseph Cho (SBN 198844)
3 | Shawn Westrick (SBN 235313)
    Initiative Legal Group LLP
4 | 1800 Century Park East, 2nd Floor
5 | Los Angeles, California 90067
    Telephone: (310) 556-5637
6 | Facsimile: (310) 861-9051

7 | Attorneys for Plaintiffs

8

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | STEPHEN L. WEISBARTH,
    individually, and on behalf of all other
13 | members of the general public similarly
    situated,
14 |
    DAVID LIST, individually, and on
15 | behalf of all other members of the
    general public similarly situated,
16 |
17 |
              Plaintiffs,
18 |
19 | vs.
20 |
    H&R BLOCK FINANCIAL
21 | ADVISORS, INC.; and DOES 1 through
    20, inclusive,
22 |
23 |           Defendants.

**Case Number:** CV-070236 DDP (CWx)

[Assigned to Magistrate Judge Carla Woehrle for discovery matters]

**DISCOVERY MATTER**

**JOINT STIPULATION RE PLAINTIFFS' MOTION TO COMPEL SPECIAL INTERROGATORIES, SET TWO, NOS. 16-18**

[filed concurrently with the Notice of Motion; Declaration of Theresa Mak; Declaration of Shawn Westrick; Compendium of Foreign Authority; and [Proposed] Order]

24 |
25 | Hearing Date:       April 8, 2008
    Hearing Time:       10:00 a.m.
26 | Courtroom:          640
    Disc. Cut-Off Date: July 18, 2008
27 | Pre-Trial Date:     October 20, 2008
    Trial Date:         October 28, 2008
28 |

---

JOINT STIPULATION RE PLAINTIFFS' MOTION TO COMPEL SPECIAL INTERROGATORIES, SET TWO, NOS. 16-18

# <u>TABLE OF CONTENTS</u>

**Page(s)**

**I.    PLAINTIFF'S INTRODUCTORY STATEMENT** ....................................1

    **A.    Introduction** ..........................................................................1

    **B.    Meet and Confer Efforts** .......................................................1

    **C.    The Federal Rules of Civil Procedure Permits Wide-Ranging Discovery** ..............................................................................2

**II.   DEFENDANT'S INTRODUCTORY STATEMENT** ...............................3

    **A.    INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS IRRELEVANT TO CLASS CERTIFICATION** ..............................3

        1.    *Plaintiffs Already Have Documents and Information Relevant to Class Certification, Including the Names and Addresses of One Third of the Putative Class* ....................................3

**III.  PLAINTIFFS' SPECIAL INTERROGATORIES** ......................................4

    **A.    SPECIAL INTERROGATORY NO. 16** ..........................................4

        1.    <u>Plaintiffs' Contentions</u> .................................................5

            a.    *Relevance* .............................................................5

            b.    *Third-Party Privacy* ..........................................6

            c.    *Disruption of Defendant's Business* .................10

            d.    *Premature Discovery* .......................................11

            e.    *Unduly Burdensome* .......................................11

        2.    <u>Defendant's Contentions</u> ............................................12

        **A.    INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS IRRELEVANT TO CLASS CERTIFICATION** ...............12

1          1.   *Plaintiffs Already Have Documents and Information*

2              *Relevant to Class Certification, Including the Names*

3              *and Addresses of One Third of the Putative Class*............12

4          2.   *Plaintiffs Concede that Pre-Certification Discovery*

5              *Must Be Limited to Class Certification Issues*.................13

6          3.   *Prior to Class Certification, District Courts Limit*

7              *Individual Discovery to a Small Sampling In Order to*

8              *Balance the Concerns of Both Parties and the Privacy*

9              *Issues Regarding Putative Class Members*......................14

10   **B.   SPECIAL INTERROGATORY NO. 17**...........................17

11       1.   Plaintiffs' Contentions................................................17

12          a.   *Relevance*.........................................................18

13          b.   *Third-Party Privacy* .........................................19

14          c.   *Disruption of Defendant's Business*................................23

15          d.   *Premature Discovery*.........................................23

16          e.   *Unduly Burdensome* .......................................23

17       2.   Defendant's Contentions ..........................................24

18   **A.   INDIVIDUAL INFORMATION PLAINTIFFS MAY**

19   **OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS**

20   **MEMBERS IS IRRELEVANT TO CLASS**

21   **CERTIFICATION**...............................................................24

22          1.   *Plaintiffs Already Have Documents and Information*

23              *Relevant to Class Certification, Including the Names*

24              *and Addresses of One Third of the Putative Class*............24

25          2.   *Plaintiffs Concede that Pre-Certification Discovery*

26              *Must Be Limited to Class Certification Issues*.................25

27          3.   *Prior to Class Certification, District Courts Limit*

28              *Individual Discovery to a Small Sampling In Order to*

-ii-

Balance the Concerns of Both Parties and the Privacy
Issues Regarding Putative Class Members ........................26

C.   SPECIAL INTERROGATORY NO. 18 .............................................29

1.   Plaintiffs' Contentions .........................................................30

a.   *Relevance* ....................................................................30

b.   *Third-Party Privacy* .........................................................31

c.   *Disruption of Defendant's Business* .................................35

d.   *Premature Discovery* ....................................................35

e.   *Unduly Burdensome* ......................................................36

2.   Defendant's Contentions ......................................................36

A.   **INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS IRRELEVANT TO CLASS CERTIFICATION** .............................................................36

1.   *Plaintiffs Already Have Documents and Information Relevant to Class Certification, Including the Names and Addresses of One Third of the Putative Class* ...........36

2.   *Plaintiffs Concede that Pre-Certification Discovery Must Be Limited to Class Certification Issues* .................38

3.   *Prior to Class Certification, District Courts Limit Individual Discovery to a Small Sampling In Order to Balance the Concerns of Both Parties and the Privacy Issues Regarding Putative Class Members* ........................38

1  I.      PLAINTIFF'S INTRODUCTORY STATEMENT

2          A.      Introduction.

3          Plaintiffs STEPHEN L. WEISBARTH and DAVID LIST ("Plaintiffs") seek

4  an order compelling Defendant H&R BLOCK FINANCIAL ADVISORS, INC.

5  ("Defendant") to respond to Plaintiff DAVID LIST's Special Interrogatories, Set

6  Two, Nos. 16-18.

7          On July 27, 2007, Plaintiffs served three sets of Special Interrogatories and

8  two sets of Requests for Production.  The subject of the present Motion to Compel

9  ("Motion") is Defendant's inadequate responses to Plaintiff DAVID LIST's Special

10  Interrogatories, Set Two, Nos. 16-18 wherein Defendant responded by pure

11  objections on August 31, 2007 and refused to provide the identification of putative

12  class members.

13          Because the parties are attempting to schedule a mediation, Plaintiff has given

14  Defendant an extension to respond to the outstanding discovery until after

15  mediation.[1]

16

17          B.      Meet and Confer Efforts.

18          On September 5, 2007, Plaintiffs' counsel sent a letter to Defendant

19  requesting a pre-filing conference of counsel regarding the discovery in dispute.

20  The parties met telephonically on Wednesday, September 12, 2007 to discuss the

21  identification of the putative class members.  Plaintiff proposed doing a limited

22  mailing to Defendant's former employees, administered by a third party.  The third-

23  party notice would provide former putative class members an opportunity to opt-out

24  of having their information provided to Plaintiffs' counsel.  Defendant's counsel

25  _____

26  [1]      Plaintiff's portion of the Joint Stipulation has not changed since it was
originally sent to Defendant nearly five month ago.  The mediation referenced above

27  went forward, but was unsuccessful.  The parties hope that another mediation may

28  take place in the future.

suggested doing a joint questionnaire to putative class members.  The parties were not able to reach an agreement.

### C.   The Federal Rules of Civil Procedure Permits Wide-Ranging Discovery.

Federal Rule of Civil Procedure ("FRCP") 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  FRCP 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence; however, discoverable information need not be admissible at trial.  United States v. Torrance, 164 F.R.D. 493, 495 (C.D. Cal. 1995); and Ragge v. MCA/Universal, 165 F.R.D. 601, 603-604 (C.D. Cal. 1995).  Moreover, it cannot be disputed that the various methods of discovery as provided for in the FRCP are clearly intended to be cumulative, as opposed to alternative or mutually exclusive.  Richlin v. Sigma Design West, Ltd., 88 F.R.D. 634, 637 (E.D. Cal. 1980)

FRCP 33(c) allows a party to serve interrogatories on any other party which relate to the matters within the scope of FRCP 26(b).  An objection to an interrogatory must clearly set forth the specifics of the objection and how that objection relates to the interrogatory.  The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the discovery rules found in the FRCP.  Defendant provided the same non-responsive answer to each of the three interrogatories in dispute: 1) that Plaintiff's requests were irrelevant and immaterial to the present case; 2) that Plaintiff's requests infringed the putative class members' right to privacy; 3) that Plaintiff's requests would cause a disruption of Defendant's business; 4) that

1 | Plaintiff's requests were premature; and 5) that Plaintiff's requests were unduly

2 | burdensome.

3

4 | **II.    DEFENDANT'S INTRODUCTORY STATEMENT**

5 |   **A.    INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN**

6 |     **FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS**

7 |     **IRRELEVANT TO CLASS CERTIFICATION.**

8 |     1.    *Plaintiffs Already Have Documents and Information Relevant to*

9 |       *Class Certification, Including the Names and Addresses of One*

10 |       *Third of the Putative Class.*

11 |   Plaintiffs' Special Interrogatories Nos. 16 through 18 seek the production of

12 | the names, addresses and telephone numbers of all 207 putative class members.

13 | Defendant's essential objection to these interrogatories is that whatever individual-

14 | specific information Plaintiffs may obtain by contacting all the putative class

15 | members is irrelevant to the issue of class certification.  Indeed, the alleged need to

16 | interrogate each and every putative class member belies Plaintiffs' assertion that

17 | their own circumstances are so representative and typical of the rest of the class that

18 | the Court need only examine their circumstances to determine liability as to all.

19 | Given that the information Plaintiffs request is irrelevant, its disclosure cannot

20 | override the individual class member's constitutional, statutory and/or common law

21 | rights to personal privacy and confidentiality, and the disruption to Defendant's

22 | business operations.  Prior to class certification, disclosure of the information

23 | requested is inappropriate and premature because it essentially constitutes court-

24 | assisted notice to the putative class.

25 |   Plaintiffs claim that the names and contact information of every member of

26 | the proposed class is necessary to their class certification motion, but this is

27 | disingenuous.  Plaintiffs already have more than enough information they need

28

regarding class certification issues.  As a reasonable and good faith compromise, Defendant has already voluntarily provided the names and contact information of 67 out of 207 total putative class members, i.e. approximately 32% of the putative class, a number that far exceeds what other California district courts have recently permitted.  Defendant has also provided Plaintiffs information regarding the size of the proposed class, various documents regarding company policies and procedures, the personnel and NASD files of the named plaintiffs, and the compensation and employment period data for all putative class members (without identification). Declaration of Theresa Mak in Support of Defendant's Stipulation Re Plaintiffs' Special Interrogatories, Set Two ("Mak Decl."), ¶ 2.  If, armed with these types of information and with access to a third of the putative class, Plaintiffs do not yet have enough information to support their motion for class certification, then Plaintiffs' proposed class will not likely be certified and Plaintiffs should not be permitted to continue their fishing expedition.

## III.   PLAINTIFFS' SPECIAL INTERROGATORIES

### A.   SPECIAL INTERROGATORY NO. 16

**SPECIAL INTERROGATORY NO. 16:**

Please identify (by name, last known business and residence address, last known business and residential telephone number, and title) each and every one of the securities brokers YOU employed in California during the RELEVANT TIME PERIOD.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is irrelevant and immaterial to the pending action and is not

reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this Interrogatory on the grounds that it calls for information, the disclosure of which would constitute an unwarranted invasion of a person's constitutional, statutory and/or common law rights to personal privacy and confidentiality. Defendant further objects to this Interrogatory on the grounds that the disclosure of the requested information could unreasonably disrupt Defendant's business operations. Defendant further objects to this Interrogatory on the grounds that individualized discovery regarding numerous putative class members in a proposed class action where not class has been identified or certified is inappropriate, premature, and unduly burdensome and oppressive.

### 1.   Plaintiffs' Contentions

Defendant's responses include only boilerplate objections, and are therefore insufficient. Boilerplate objections or blanket refusals inserted into a response to an interrogatory are insufficient. United States ex rel. O'Connell v. Chapman Univ., 2007 U.S. Dist. LEXIS 51336, *10-*11 (E.D. Cal. 2007).

Plaintiffs will address each objection and why further responses should be compelled.

### a.   *Relevance*

Relevancy is broadly construed, and a discovery request should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery: 1) does not come within the scope of relevance as defined under FRCP 26(b)(1); or 2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary

1  presumption in favor of broad discovery.  See Cory v. Aztec Steel Building, Inc.,

2  225 F.R.D. 667, 672-73 (D. K.S. 2005).

3        The propriety of a class action cannot be determined in some cases without

4  discovery, as, for example, where discovery is necessary to determine the existence

5  of a class or set of subclasses.  To deny discovery in a case of that nature would be

6  an abuse of discretion.  Kamm et al. v. California City Development Company et al.,

7  509 F.2d 205, 210 (9th Cir.1975).  To pronounce finally, prior to allowing any

8  discovery, the non-existence of a class or set of subclasses, when their existence

9  may depend on information wholly within defendants' possession is inappropriate.

10 See Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972); see also Ho v. Ernst &

11 Young, LLP, 2007 U.S. Dist. LEXIS 37700, *3, *6 (N.D. Cal. 2007) (holding that

12 the identification of putative class members is not premature in a class action

13 because the information sought is relevant to the certification analysis since

14 "discovery *can certainly be relevant both to class certification and to the merits*.")

15      In the instant case, Plaintiff LIST has requested only information relevant to

16 their Motion for Certification.  Plaintiffs are entitled access to percipient witnesses.

17 This information is relevant to prove, among other things, numerosity,

18 ascertainability, commonality and typicality.

19

20            b.    *Third-Party Privacy*

21      A growing body of case law demonstrates that an objection based on the

22 privacy of third parties in class actions is improper.

23      The California Supreme Court held in Pioneer v. Superior Court (Olmstead),

24 40 Cal. 4th 360 (2007), that:

25      Contact information regarding the identity of potential class members is

26      generally discoverable, so that the lead plaintiff may learn the names of other

27      persons who might assist in prosecuting the case.  [Citations]  Such disclosure

28

involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches. Id. at 373.

In fact, the Pioneer court found that a balancing of interests was not even necessary because defendant was unable to show a serious invasion of the putative class members' privacy. Id. This holding cannot be understated. The California Supreme Court held ***that there was no privacy violation***. That a third-party notice would dispel any privacy arguments, were they to exist, should not be confused with the holding – that there is no privacy violation when plaintiffs seek the information that is the subject of this Motion. Defendant, on the other hand, has not articulated any privacy interests weighing against Plaintiffs' right to conduct discovery in support of their Motion for Certification.

California Appellate Courts have addressed the application of Pioneer in wage and hour class actions. In Belaire-West Landscape, Inc. v. Superior Court (Rodriguez), 149 Cal. App. 4th 554, 562 (2007), the court addressed the privacy concerns entailed by the disclosure of putative class members' phone numbers and addresses to plaintiff's counsel in a wage and hour matter. The court relied upon the privacy analysis set forth in Pioneer. According to Pioneer, a court must examine: 1) whether the claimant of the privacy right possesses a legally protected privacy interest; 2) whether the claimant has a reasonable expectation of privacy; and 3) whether the invasion of privacy is serious in nature, scope, and actual or potential impact. If a claimant meets all of these criteria, the court must then balance the privacy interest against other competing or countervailing interests. Belaire-West, at 558-59.

Like Pioneer (where the putative class members consisted of individuals who had complained to Pioneer that its DVD players were defective), the court in

Belaire-West found that although the current and former employees possessed a legally protected interest, the employees did not have a reasonable expectation of privacy, given that current and former employees could be reasonably expected to want their information disclosed to a class action plaintiff who might ultimately recover for them unpaid wages they were owed.  Similarly, the court found no serious invasion of privacy resulting from disclosure of the contact information with an opt-out notice.  Id. at 561-562.  The court reasoned that, just as in Pioneer, "…the information, while personal, was not particularly sensitive, as it was contact information, not medical or financial details."  Id. at 562.

Because there was no serious invasion of privacy with an opt-out notice, the need to engage in a balancing of interests was obviated.  Id. at 562.  Nonetheless, the court, after engaging in a balancing analysis, found that the balance of interests supported disclosure of the contact information.  Id. at 562.  In reaching that conclusion, the court reasoned that the current and former employees were potential percipient witnesses to the employer's employment and wage practices, and as such their identities and locations were properly discoverable.  Id. at 562.  In addition, the court found that the balancing of opposing interests tilted even more in favor of disclosure because the case involved the fundamental public policy of ensuring the prompt payment of wages due to employees.  Id. at 562.

As in Pioneer, the holding of Belaire-West cannot be ignored – there were no privacy violations at all, and hence, no need to engage in a balancing of the respective interests.  That the respective courts in Pioneer and Belaire-West found that after a balancing of the respective interests plaintiffs were *still entitled* to the discovery is of no moment.  Likewise, in the present matter, Plaintiffs are entitled to the discovery of the identification of putative class members.

As in Belaire-West, Plaintiff LIST is merely requesting the names and contact information of percipient witnesses to Defendant's wage and hour policies and

practices.  Furthermore, like <u>Belaire-West</u>, current and former employees of Defendant could be reasonably expected to want their information disclosed to a class action plaintiff who might ultimately recover for them unpaid wages they were owed.  Finally, like <u>Belaire-West</u>, Plaintiff LIST has requested only the names and contact information of percipient witnesses – not medical or financial details.  Accordingly, no serious invasion of privacy would result from disclosure of the contact information, and the need to engage in a balancing test is unnecessary.  Even so, under <u>Belaire-West</u>, the balance of interests in the instant case supports disclosure because current and former employees of Defendant are percipient witnesses to Defendant's wage and hour practices, and because the instant case concerns the fundamental public policy of ensuring the prompt payment of wages due to employees.

Federal courts have also dealt with the question of how to handle asserted privacy interests of third parties in class actions.  In <u>Ho v. Ernst & Young, LLP</u>, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007), plaintiff moved to compel defendant to produce the names and address of all members of the putative class.  Defendant offered to send opt-out notices through a third-party administrator to 25% the putative class.[2]  <u>Id</u>. at *5.  Plaintiff sought to compel the notice to be sent to the remaining 75% of the putative class.  Defendant argued that the discovery was premature.  The court found this argument unpersuasive because the information was relevant to the certification analysis.  <u>Id</u>. at *6.  Defendant argued that the discovery sought would disturb its business operations.  <u>Id</u>.  The court noted that Defendant failed to make any showing that the actual production of names and addresses would itself impose a burden.  <u>Id</u>.  The court granted plaintiff's motion to compel.

---

[2]      Plaintiff agreed to allow a mail out to 25% of the class.  It appears that plaintiff retained the right to compel further production despite the compromise to send a notice to a subset of the putative class.

1    That the court in <u>Ho</u> used a third-party notice is of no moment.  The parties in

2 <u>Ho</u> had agreed to use a third-party administrator to send notices.  Federal courts

3 have also allowed the same information sought in this case to be handed directly

4 over to plaintiff's counsel.  In <u>Wiegele v. FedEx Ground Package System</u>, 2007 U.S.

5 Dist. LEXIS 9444 (S.D. Cal. 2007) a magistrate judge ordered that the names,

6 addresses, telephone numbers and email addresses of the putative class be delivered

7 to plaintiff's counsel in a wage and hour class action.[3]  Defendant appealed, arguing

8 that the privacy rights of the putative class was violated and that the production of

9 email addresses would disrupt defendant's business.[4]  <u>Id</u>. at *3.

10    The district court concluded that the magistrate judge properly determined

11 that putative class members possessed relevant information regarding plaintiff's

12 wage and hour claims as well as class certification issues.  <u>Id</u>. at *6.  The district

13 court also noted that the privacy interests at stake were to be distinguished from

14 more intimate privacy interests such as medical records.  <u>Id</u>.  Lastly, the magistrate

15 judge entered a protective order to limit the use of the information.  <u>Id</u>.  The district

16 court also noted that a third-party neutral administrator does not necessarily have to

17 be used for these types of discovery disputes.  <u>Id</u>. at *7-*8.

18    Read together, <u>Pioneer</u>, <u>Belaire-West</u>, <u>Ho</u> and <u>Wiegele</u> stand for the

19 proposition that the information sought by Plaintiffs in this matter is proper.

20

21    c.    *Disruption of Defendant's Business*

22    <u>Ho v. Ernst & Young, LLP</u>, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is

23 directly on point that in the absence of any actual showing that plaintiff's discovery

24    _____

25 [3]    The magistrate's order also required a protective order to limit disclosure of

26 the discovery to plaintiff's counsel and their agents, but not to any individual
plaintiff.

27 [4]    The district court did not rule on the disruption to defendant's business

28 because this issue had not been raised to the magistrate judge.  <u>Id</u>. at *12-*13.

1  request for the identification of putative class members would disturb defendant's

2  business, a motion to compel is proper.  Id. at *6.

3

4              d.     *Premature Discovery*

5      Ho v. Ernst & Young, LLP, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is

6  directly on point that the identification of putative class members is not premature in

7  a class action because the information sought is relevant to the certification analysis.

8  Id. at *6.  The Ho court noted that "discovery **can certainly be relevant both to class**

9  **certification and to the merits**."  Id. at *3.

10             e.     *Unduly Burdensome*

11     In opposing discovery on the grounds of burdensomeness, a party has the

12  burden to show facts justifying their objection by demonstrating that the time or

13  expense involved in responding to requested discovery is unduly burdensome.  This

14  imposes an obligation to provide sufficient detail in terms of time, money, and

15  procedure required to produce the requested documents.  The mere fact that

16  compliance with an inspection order will cause great labor and expense or even

17  considerable hardship and possibility of injury to the business of the party from who

18  discovery is sought does not itself require denial of a motion to compel.  See Cory v.

19  Aztec Steel Building, Inc., 225 F.R.D. 667, 672 (D. K.S. 2005).

20     Defendant's boilerplate objection that Plaintiffs' discovery is burdensome is

21  conclusory and provides no detail in terms of time, money, and procedure required

22  to produce the information requested.

23

24

25

26

27  \\\

28

2.    Defendant's Contentions

A.    **INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS IRRELEVANT TO CLASS CERTIFICATION.**

1.    *Plaintiffs Already Have Documents and Information Relevant to Class Certification, Including the Names and Addresses of One Third of the Putative Class.*

Plaintiffs' Special Interrogatories Nos. 16 through 18 seek the production of the names, addresses and telephone numbers of all 207 putative class members. Defendant's essential objection to these interrogatories is that whatever individual-specific information Plaintiffs may obtain by contacting all the putative class members is irrelevant to the issue of class certification.  Indeed, the alleged need to interrogate each and every putative class member belies Plaintiffs' assertion that their own circumstances are so representative and typical of the rest of the class that the Court need only examine their circumstances to determine liability as to all. Given that the information Plaintiffs request is irrelevant, its disclosure cannot override the individual class member's constitutional, statutory and/or common law rights to personal privacy and confidentiality, and the disruption to Defendant's business operations.  Prior to class certification, disclosure of the information requested is inappropriate and premature because it essentially constitutes court-assisted notice to the putative class.

Plaintiffs claim that the names and contact information of every member of the proposed class is necessary to their class certification motion, but this is disingenuous.  Plaintiffs already have more than enough information they need regarding class certification issues.  As a reasonable and good faith compromise, Defendant has already voluntarily provided the names and contact information of 67 out of 207 total putative class members, i.e. approximately 32% of the putative

class, a number that far exceeds what other California district courts have recently permitted.  Defendant has also provided Plaintiffs information regarding the size of the proposed class, various documents regarding company policies and procedures, the personnel and NASD files of the named plaintiffs, and the compensation and employment period data for all putative class members (without identification). Declaration of Theresa Mak in Support of Defendant's Stipulation Re Plaintiffs' Special Interrogatories, Set Two ("Mak Decl."), ¶ 2.  If, armed with these types of information and with access to a third of the putative class, Plaintiffs do not yet have enough information to support their motion for class certification, then Plaintiffs' proposed class will not likely be certified and Plaintiffs should not be permitted to continue their fishing expedition.

        2.     *Plaintiffs Concede that Pre-Certification Discovery Must Be Limited to Class Certification Issues.*

The Ninth Circuit has twice held that pre-class certification discovery on a classwide basis is not permissible unless plaintiffs can show that the discovery is necessary to substantiate class allegations.  *Mantolete v. Bolger*, 767 F.2d 1416,1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."); *Doninger et al. v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) ("the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations").  Plaintiffs themselves agree that discovery at this stage of the litigation should be limited to issues directly relevant to class certification given Plaintiffs' own refusal to produce information on the ground that "the information

1  sought is merits discovery and is impermissible until such time as a class is

2  certified."  Mak Decl., ¶ 3.

3              3.      *Prior to Class Certification, District Courts Limit Individual*

4                      *Discovery to a Small Sampling In Order to Balance the*

5                      *Concerns of Both Parties and the Privacy Issues Regarding*

6                      *Putative Class Members.*

7          District courts in the Ninth Circuit have followed the holdings in *Mantole* and

8  *Doninger* to deny plaintiffs' unfettered access to the names and addresses of all

9  putative class members where plaintiffs already have access to a portion of the

10 putative class.  In *Krzesniak v. Cendant Corp.*, 2007 WL 756905, *1 (N.D.Cal. Mar

11 8, 2007), Magistrate Judge Maria-Elena James denied plaintiffs' request for the

12 names and addresses of all putative class members because plaintiffs had already

13 spoken to six (6) out of seventy-six (76) had putative class members –

14 approximately 8% of the proposed class -- and may have had access to others.  Mak

15 Decl., ¶ 4.  As an initial matter, the Court noted that "[p]rior to certification, courts

16 typically limit discovery to certification issues…."  *Krzesniak v. Cendant*, 2007 WL

17 756905 at *1.  The Court explained that good cause may exist to provide some

18 names and addresses to plaintiffs only if plaintiffs were "unable to locate and

19 interview any putative class members."  However, given that plaintiffs <u>did</u> have

20 access and the opportunity to interview a portion of the class, the Court saw no

21 reason "why these individuals would not provide Plaintiff with adequate information

22 to move for class certification."  *Id.*  The Court also warned that "compelling the

23 production of contact information prior to class certification may result in 'court-

24 initiated notice to potential claimants,' which would be inappropriate.  *Id.*, *citing In*

25 *re Air Disaster Near Honolulu, Hawaii*, 792 F.Supp. 1541, 1551 (N.D.Cal. 1990)

26 ("court-initiated notice to potential claimants may represent an extraordinary and

27 untoward expansion of federal judicial power").

28

Very recently, District Judge William Alsup also refused to permit the disclosure of the identities and contact information of all putative class members and provided instead that plaintiffs have access to a small portion of the class to assist them with class certification issues.  *Keene v. Coldwater Creek, Inc*., No. C 07-05324 WHA (N.D.Cal. Feb 28, 2008).  Judge Alsup ordered that the employer provide the names and addresses of twelve (12) putative class members out of a potential class of approximately 2000, i.e., merely .6%.  Mak Decl., ¶ 5.  Judge Alsup explained that providing a small portion of names and addresses to plaintiffs "balances the need for individual employee information against the burden and privacy concerns."  *Keene v. Coldwater Creek, Inc.*, at 2.

Many other courts have expressed their unwillingness to permit the wholesale production of the names and addresses of the putative class prior to class certification.  *Crawford v. Dothan City Board of Education*, 214 F.R.D. 694, 695 (M.D.Ala. 2003) (The United States Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees….  Where discovery is sought in the absence of a conditionally certified collective action, however, such discovery has been denied.");  *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) ("In seeking court-authorized notice, plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation.  As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists.");  *Shushan v. University of Colorado*, 132 F.R.D. 263, 268 (D. Colo. 1990) ("I cannot accept the extraordinary assertion that an aggrieved party can file a complaint, claiming to represent a class whose preliminary scope is defined by him, and by that act alone obtain a court order which conditionally determines the parameters of the potential class and requires discovery concerning

the members of that class.  Before I conditionally determine the scope of the class, plaintiffs will need to satisfy me that there exists a definable, manageable class and that they are proper representatives of the class."); *Dionne v. Springfield School Committee*, 340 F.Supp. 334, 335 (D.Mass. 1972) ("There is a recent First Circuit case which seems to support broad-ranging discovery in this type of litigation to discovery who might be in plaintiff's class. [Citations omitted.]  This case seems to me, as a former member of the Supreme Court's Committee on Rules of Civil Procedure for the District Courts, to be contrary to the purpose of Rule 23 of the F.R.C.P., and not likely to be followed either by the Court of Appeals or the Supreme Court of the United States.").

Here, Plaintiffs already have the names and contact information for 32% of the putative class – a number that far exceeds the .6% and 8% permitted in *Keene* and *Krzesniak*, respectively, which the Courts found to be adequate for the purpose of obtaining class certification information.  Furthermore, Plaintiffs already have their own personnel and NASD files, information regarding the size of the proposed class, information regarding Defendant's policies and procedures, and information regarding the compensation and employment periods of the putative class members (without identification).  Plaintiffs have failed to specify what information relevant to class certification they might gain from interrogating each and every putative class member that they do not yet have or to which they do not yet have access.  Therefore, Plaintiffs have failed to provide a substantial basis for disregarding the constitutionally-protected privacy rights of the putative class members, the burden on Defendant's business, and the manifest risk that provision of the information requested will result in court-assisted notice prior to class certification.

\\\

1       **B.**     **SPECIAL INTERROGATORY NO. 17**

2

3  **SPECIAL INTERROGATORY NO. 17:**

4       Please identify (by name, last known business and residence address, last

5  known business and residential telephone number, and title) each and every one of

6  the broker trainees YOU employed in California during the RELEVANT TIME

7  PERIOD.

8

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

10       Defendant objects to this Interrogatory on the grounds that it seeks

11  information that is irrelevant and immaterial to the pending action and is not

12  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

13  further objects to this Interrogatory on the grounds that it calls for information, the

14  disclosure of which would constitute an unwarranted invasion of a person's

15  constitutional, statutory and/or common law rights to personal privacy and

16  confidentiality.  Defendant further objects to this Interrogatory on the grounds that

17  the disclosure of the requested information could unreasonably disrupt Defendant's

18  business operations.  Defendant further objects to this Interrogatory on the grounds

19  that individualized discovery regarding numerous putative class members in a

20  proposed class action where not class has been identified or certified is

21  inappropriate, premature, and unduly burdensome and oppressive.

22

23       1.     Plaintiffs' Contentions

24       Defendant's responses include only boilerplate objections, and are therefore

25  insufficient.  Boilerplate objections or blanket refusals inserted into a response to an

26  interrogatory are insufficient.  United States ex rel. O'Connell v. Chapman Univ.,

27  2007 U.S. Dist. LEXIS 51336, *10-*11 (E.D. Cal. 2007).

28

1   Plaintiffs will address each objection and why further responses should be

2   compelled.

3

4                              a.   *Relevance*

5   Relevancy is broadly construed, and a discovery request should be considered

6   relevant if there is any possibility that the information sought may be relevant to the

7   claim or defense of any party.  When the discovery sought appears relevant, the

8   party resisting the discovery has the burden to establish the lack of relevance by

9   demonstrating that the requested discovery: 1) does not come within the scope of

10  relevance as defined under FRCP 26(b)(1); or 2) is of such marginal relevance that

11  the potential harm occasioned by discovery would outweigh the ordinary

12  presumption in favor of broad discovery.  See Cory v. Aztec Steel Building, Inc.,

13  225 F.R.D. 667, 672-73 (D. K.S. 2005).

14  The propriety of a class action cannot be determined in some cases without

15  discovery, as, for example, where discovery is necessary to determine the existence

16  of a class or set of subclasses.  To deny discovery in a case of that nature would be

17  an abuse of discretion.  Kamm et al. v. California City Development Company et al.,

18  509 F.2d 205, 210 (9th Cir.1975).  To pronounce finally, prior to allowing any

19  discovery, the non-existence of a class or set of subclasses, when their existence

20  may depend on information wholly within defendants' possession is inappropriate.

21  See Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972); see also Ho v. Ernst &

22  Young, LLP, 2007 U.S. Dist. LEXIS 37700, *3, *6 (N.D. Cal. 2007) (holding that

23  the identification of putative class members is not premature in a class action

24  because the information sought is relevant to the certification analysis since

25  "discovery *can certainly be relevant both to class certification and to the merits*.")

26  In the instant case, Plaintiff LIST has requested only information relevant to

27  their Motion for Certification.  Plaintiffs are entitled access to percipient witnesses.

28

1  This information is relevant to prove, among other things, numerosity,

2  ascertainability, commonality and typicality.

3

4                          b.      *Third-Party Privacy*

5        A growing body of case law demonstrates that an objection based on the

6  privacy of third parties in class actions is improper.

7        The California Supreme Court held in <u>Pioneer v. Superior Court (Olmstead)</u>,

8  40 Cal. 4th 360 (2007), that:

9        Contact information regarding the identity of potential class members is

10       generally discoverable, so that the lead plaintiff may learn the names of other

11       persons who might assist in prosecuting the case.  [Citations]  Such disclosure

12       involves no revelation of personal or business secrets, intimate activities, or

13       similar private information, and threatens no undue intrusion into one's

14       personal life, such as mass-marketing efforts or unsolicited sales pitches.

15  <u>Id</u>. at 373.

16       In fact, the <u>Pioneer</u> court found that a balancing of interests was not even

17  necessary because defendant was unable to show a serious invasion of the putative

18  class members' privacy.  <u>Id</u>.  This holding cannot be understated.  The California

19  Supreme Court held ***that there was no privacy violation***.  That a third-party notice

20  would dispel any privacy arguments, were they to exist, should not be confused with

21  the holding – that there is no privacy violation when plaintiffs seek the information

22  that is the subject of this Motion.  Defendant, on the other hand, has not articulated

23  any privacy interests weighing against Plaintiffs' right to conduct discovery in

24  support of their Motion for Certification.

25       California Appellate Courts have addressed the application of <u>Pioneer</u> in

26  wage and hour class actions.  In <u>Belaire-West Landscape, Inc. v. Superior Court</u>

27  <u>(Rodriguez)</u>, 149 Cal. App. 4th 554, 562 (2007), the court addressed the privacy

28

1   concerns entailed by the disclosure of putative class members' phone numbers and

2   addresses to plaintiff's counsel in a wage and hour matter.  The court relied upon the

3   privacy analysis set forth in <u>Pioneer</u>.  According to <u>Pioneer</u>, a court must examine:

4   1) whether the claimant of the privacy right possesses a legally protected privacy

5   interest; 2) whether the claimant has a reasonable expectation of privacy; and 3)

6   whether the invasion of privacy is serious in nature, scope, and actual or potential

7   impact.  If a claimant meets all of these criteria, the court must then balance the

8   privacy interest against other competing or countervailing interests.  <u>Belaire-West</u>,

9   at 558-59.

10      Like <u>Pioneer</u> (where the putative class members consisted of individuals who

11  had complained to Pioneer that its DVD players were defective), the court in

12  <u>Belaire-West</u> found that although the current and former employees possessed a

13  legally protected interest, the employees did not have a reasonable expectation of

14  privacy, given that current and former employees could be reasonably expected to

15  want their information disclosed to a class action plaintiff who might ultimately

16  recover for them unpaid wages they were owed.  Similarly, the court found no

17  serious invasion of privacy resulting from disclosure of the contact information with

18  an opt-out notice.  <u>Id</u>. at 561-562.  The court reasoned that, just as in <u>Pioneer</u>, "…the

19  information, while personal, was not particularly sensitive, as it was contact

20  information, not medical or financial details."  <u>Id</u>. at 562.

21      Because there was no serious invasion of privacy with an opt-out notice, the

22  need to engage in a balancing of interests was obviated.  <u>Id</u>. at 562.  Nonetheless, the

23  court, after engaging in a balancing analysis, found that the balance of interests

24  supported disclosure of the contact information.  <u>Id</u>. at 562.  In reaching that

25  conclusion, the court reasoned that the current and former employees were potential

26  percipient witnesses to the employer's employment and wage practices, and as such

27  their identities and locations were properly discoverable.  <u>Id</u>. at 562.  In addition, the

28

1   court found that the balancing of opposing interests tilted even more in favor of

2   disclosure because the case involved the fundamental public policy of ensuring the

3   prompt payment of wages due to employees.  Id. at 562.

4           As in Pioneer, the holding of Belaire-West cannot be ignored – there were no

5   privacy violations at all, and hence, no need to engage in a balancing of the

6   respective interests.  That the respective courts in Pioneer and Belaire-West found

7   that after a balancing of the respective interests plaintiffs were ***still entitled*** to the

8   discovery is of no moment.  Likewise, in the present matter, Plaintiffs are entitled to

9   the discovery of the identification of putative class members.

10          As in Belaire-West, Plaintiff LIST is merely requesting the names and contact

11  information of percipient witnesses to Defendant's wage and hour policies and

12  practices.  Furthermore, like Belaire-West, current and former employees of

13  Defendant could be reasonably expected to want their information disclosed to a

14  class action plaintiff who might ultimately recover for them unpaid wages they were

15  owed.  Finally, like Belaire-West, Plaintiff LIST has requested only the names and

16  contact information of percipient witnesses – not medical or financial details.

17  Accordingly, no serious invasion of privacy would result from disclosure of the

18  contact information, and the need to engage in a balancing test is unnecessary.  Even

19  so, under Belaire-West, the balance of interests in the instant case supports

20  disclosure because current and former employees of Defendant are percipient

21  witnesses to Defendant's wage and hour practices, and because the instant case

22  concerns the fundamental public policy of ensuring the prompt payment of wages

23  due to employees.

24          Federal courts have also dealt with the question of how to handle asserted

25  privacy interests of third parties in class actions.  In Ho v. Ernst & Young, LLP,

26  2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007), plaintiff moved to compel

27  defendant to produce the names and address of all members of the putative class.

28

1    Defendant offered to send opt-out notices through a third-party administrator to 25%

2    the putative class.[5]  Id. at *5.  Plaintiff sought to compel the notice to be sent to the

3    remaining 75% of the putative class.  Defendant argued that the discovery was

4    premature.  The court found this argument unpersuasive because the information

5    was relevant to the certification analysis.  Id. at *6.  Defendant argued that the

6    discovery sought would disturb its business operations.  Id.  The court noted that

7    Defendant failed to make any showing that the actual production of names and

8    addresses would itself impose a burden.  Id.  The court granted plaintiff's motion to

9    compel.

10        That the court in Ho used a third-party notice is of no moment.  The parties in

11   Ho had agreed to use a third-party administrator to send notices.  Federal courts

12   have also allowed the same information sought in this case to be handed directly

13   over to plaintiff's counsel.  In Wiegele v. FedEx Ground Package System, 2007 U.S.

14   Dist. LEXIS 9444 (S.D. Cal. 2007) a magistrate judge ordered that the names,

15   addresses, telephone numbers and email addresses of the putative class be delivered

16   to plaintiff's counsel in a wage and hour class action.[6]  Defendant appealed, arguing

17   that the privacy rights of the putative class was violated and that the production of

18   email addresses would disrupt defendant's business.[7]  Id. at *3.

19        The district court concluded that the magistrate judge properly determined

20   that putative class members possessed relevant information regarding plaintiff's

21   wage and hour claims as well as class certification issues.  Id. at *6.  The district

---

23   [5]    Plaintiff agreed to allow a mail out to 25% of the class.  It appears that
24   plaintiff retained the right to compel further production despite the compromise to
     send a notice to a subset of the putative class.

25   [6]    The magistrate's order also required a protective order to limit disclosure of
26   the discovery to plaintiff's counsel and their agents, but not to any individual
     plaintiff.

27   [7]    The district court did not rule on the disruption to defendant's business
28   because this issue had not been raised to the magistrate judge.  Id. at *12-*13.

court also noted that the privacy interests at stake were to be distinguished from more intimate privacy interests such as medical records.  <u>Id</u>.  Lastly, the magistrate judge entered a protective order to limit the use of the information.  <u>Id</u>.  The district court also noted that a third-party neutral administrator does not necessarily have to be used for these types of discovery disputes.  <u>Id</u>. at *7-*8.

Read together, <u>Pioneer</u>, <u>Belaire-West</u>, <u>Ho</u> and <u>Wiegele</u> stand for the proposition that the information sought by Plaintiffs in this matter is proper.

### c.    *Disruption of Defendant's Business*

<u>Ho v. Ernst & Young, LLP</u>, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is directly on point that in the absence of any actual showing that plaintiff's discovery request for the identification of putative class members would disturb defendant's business, a motion to compel is proper.  <u>Id</u>. at *6.

### d.    *Premature Discovery*

<u>Ho v. Ernst & Young, LLP</u>, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is directly on point that the identification of putative class members is not premature in a class action because the information sought is relevant to the certification analysis. <u>Id</u>. at *6.  The <u>Ho</u> court noted that "discovery ***can certainly be relevant both to class certification and to the merits***."  <u>Id</u>. at *3.

### e.    *Unduly Burdensome*

In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.  This imposes an obligation to provide sufficient detail in terms of time, money, and procedure required to produce the requested documents.  The mere fact that

compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from who discovery is sought does not itself require denial of a motion to compel.  See Cory v. Aztec Steel Building, Inc., 225 F.R.D. 667, 672 (D. K.S. 2005).

Defendant's boilerplate objection that Plaintiffs' discovery is burdensome is conclusory and provides no detail in terms of time, money, and procedure required to produce the information requested.

2.    Defendant's Contentions

A.    **INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS IRRELEVANT TO CLASS CERTIFICATION.**

1.    *Plaintiffs Already Have Documents and Information Relevant to Class Certification, Including the Names and Addresses of One Third of the Putative Class.*

Plaintiffs' Special Interrogatories Nos. 16 through 18 seek the production of the names, addresses and telephone numbers of all 207 putative class members. Defendant's essential objection to these interrogatories is that whatever individual-specific information Plaintiffs may obtain by contacting all the putative class members is irrelevant to the issue of class certification.  Indeed, the alleged need to interrogate each and every putative class member belies Plaintiffs' assertion that their own circumstances are so representative and typical of the rest of the class that the Court need only examine their circumstances to determine liability as to all. Given that the information Plaintiffs request is irrelevant, its disclosure cannot override the individual class member's constitutional, statutory and/or common law rights to personal privacy and confidentiality, and the disruption to Defendant's business operations.  Prior to class certification, disclosure of the information

1  requested is inappropriate and premature because it essentially constitutes court-
2  assisted notice to the putative class.

3         Plaintiffs claim that the names and contact information of every member of
4  the proposed class is necessary to their class certification motion, but this is
5  disingenuous.  Plaintiffs already have more than enough information they need
6  regarding class certification issues.  As a reasonable and good faith compromise,
7  Defendant has already voluntarily provided the names and contact information of 67
8  out of 207 total putative class members, i.e. approximately 32% of the putative
9  class, a number that far exceeds what other California district courts have recently
10 permitted.  Defendant has also provided Plaintiffs information regarding the size of
11 the proposed class, various documents regarding company policies and procedures,
12 the personnel and NASD files of the named plaintiffs, and the compensation and
13 employment period data for all putative class members (without identification).
14 Declaration of Theresa Mak in Support of Defendant's Stipulation Re Plaintiffs'
15 Special Interrogatories, Set Two ("Mak Decl."), ¶ 2.  If, armed with these types of
16 information and with access to a third of the putative class, Plaintiffs do not yet have
17 enough information to support their motion for class certification, then Plaintiffs'
18 proposed class will not likely be certified and Plaintiffs should not be permitted to
19 continue their fishing expedition.

20            2.    *Plaintiffs Concede that Pre-Certification Discovery Must Be*
21                  *Limited to Class Certification Issues.*

22        The Ninth Circuit has twice held that pre-class certification discovery on a
23 classwide basis is not permissible unless plaintiffs can show that the discovery is
24 necessary to substantiate class allegations.  *Mantolete v. Bolger*, 767 F.2d 1416,1424
25 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to
26 aid the determination of whether a class action is maintainable, the plaintiff bears
27 the burden of advancing a prima facie showing that the class action requirements of

28

1   Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of

2   the class allegations."); *Doninger et al. v. Pacific Northwest Bell, Inc.*, 564 F.2d

3   1304, 1313 (9th Cir. 1977) ("the burden is on the plaintiff to demonstrate that

4   discovery measures are likely to produce persuasive information substantiating the

5   class action allegations").  Plaintiffs themselves agree that discovery at this stage of

6   the litigation should be limited to issues directly relevant to class certification given

7   Plaintiffs' own refusal to produce information on the ground that "the information

8   sought is merits discovery and is impermissible until such time as a class is

9   certified."  Mak Decl., ¶ 3.

10           3.      *Prior to Class Certification, District Courts Limit Individual*

11                   *Discovery to a Small Sampling In Order to Balance the*

12                   *Concerns of Both Parties and the Privacy Issues Regarding*

13                   *Putative Class Members.*

14           District courts in the Ninth Circuit have followed the holdings in *Mantole* and

15   *Doninger* to deny plaintiffs' unfettered access to the names and addresses of all

16   putative class members where plaintiffs already have access to a portion of the

17   putative class.  In *Krzesniak v. Cendant Corp.*, 2007 WL 756905, *1 (N.D.Cal. Mar

18   8, 2007), Magistrate Judge Maria-Elena James denied plaintiffs' request for the

19   names and addresses of all putative class members because plaintiffs had already

20   spoken to six (6) out of seventy-six (76) had putative class members –

21   approximately 8% of the proposed class -- and may have had access to others.  Mak

22   Decl., ¶ 4.  As an initial matter, the Court noted that "[p]rior to certification, courts

23   typically limit discovery to certification issues…."  *Krzesniak v. Cendant*, 2007 WL

24   756905 at *1.  The Court explained that good cause may exist to provide some

25   names and addresses to plaintiffs only if plaintiffs were "unable to locate and

26   interview any putative class members."  However, given that plaintiffs <u>did</u> have

27   access and the opportunity to interview a portion of the class, the Court saw no

28

1  reason "why these individuals would not provide Plaintiff with adequate information

2  to move for class certification." *Id.*  The Court also warned that "compelling the

3  production of contact information prior to class certification may result in 'court-

4  initiated notice to potential claimants,' which would be inappropriate.  *Id.*, *citing In*

5  *re Air Disaster Near Honolulu, Hawaii*, 792 F.Supp. 1541, 1551 (N.D.Cal. 1990)

6  ("court-initiated notice to potential claimants may represent an extraordinary and

7  untoward expansion of federal judicial power").

8       Very recently, District Judge William Alsup also refused to permit the

9  disclosure of the identities and contact information of all putative class members and

10  provided instead that plaintiffs have access to a small portion of the class to assist

11  them with class certification issues.  *Keene v. Coldwater Creek, Inc*., No. C 07-

12  05324 WHA (N.D.Cal. Feb 28, 2008).  Judge Alsup ordered that the employer

13  provide the names and addresses of twelve (12) putative class members out of a

14  potential class of approximately 2000, i.e., merely .6%.  Mak Decl., ¶ 5.  Judge

15  Alsup explained that providing a small portion of names and addresses to plaintiffs

16  "balances the need for individual employee information against the burden and

17  privacy concerns."  *Keene v. Coldwater Creek, Inc.*, at 2.

18       Many other courts have expressed their unwillingness to permit the wholesale

19  production of the names and addresses of the putative class prior to class

20  certification.  *Crawford v. Dothan City Board of Education*, 214 F.R.D. 694, 695

21  (M.D.Ala. 2003) (The United States Supreme Court has explained that when a

22  collective action is conditionally certified, it is appropriate for a district court to

23  permit the discovery of the names and addresses of employees….  Where discovery

24  is sought in the absence of a conditionally certified collective action, however, such

25  discovery has been denied."); *Severtson v. Phillips Beverage Co*., 137 F.R.D. 264,

26  266 (D. Minn. 1991) ("In seeking court-authorized notice, plaintiffs are in effect

27  asking this court to assist in their efforts to locate potential plaintiffs and thereby

28

expand the scope of this litigation.  As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists."); *Shushan v. University of Colorado*, 132 F.R.D. 263, 268 (D. Colo. 1990) ("I cannot accept the extraordinary assertion that an aggrieved party can file a complaint, claiming to represent a class whose preliminary scope is defined by him, and by that act alone obtain a court order which conditionally determines the parameters of the potential class and requires discovery concerning the members of that class.  Before I conditionally determine the scope of the class, plaintiffs will need to satisfy me that there exists a definable, manageable class and that they are proper representatives of the class."); *Dionne v. Springfield School Committee*, 340 F.Supp. 334, 335 (D.Mass. 1972) ("There is a recent First Circuit case which seems to support broad-ranging discovery in this type of litigation to discovery who might be in plaintiff's class. [Citations omitted.]  This case seems to me, as a former member of the Supreme Court's Committee on Rules of Civil Procedure for the District Courts, to be contrary to the purpose of Rule 23 of the F.R.C.P., and not likely to be followed either by the Court of Appeals or the Supreme Court of the United States.").

Here, Plaintiffs already have the names and contact information for 32% of the putative class – a number that far exceeds the .6% and 8% permitted in *Keene* and *Krzesniak*, respectively, which the Courts found to be adequate for the purpose of obtaining class certification information.  Furthermore, Plaintiffs already have their own personnel and NASD files, information regarding the size of the proposed class, information regarding Defendant's policies and procedures, and information regarding the compensation and employment periods of the putative class members (without identification).  Plaintiffs have failed to specify what information relevant to class certification they might gain from interrogating each and every putative class member that they do not yet have or to which they do not yet have access.

1   Therefore, Plaintiffs have failed to provide a substantial basis for disregarding the

2   constitutionally-protected privacy rights of the putative class members, the burden

3   on Defendant's business, and the manifest risk that provision of the information

4   requested will result in court-assisted notice prior to class certification.

5

6       **C.    SPECIAL INTERROGATORY NO. 18**

7

8   **SPECIAL INTERROGATORY NO. 18:**

9       Please identify (by name, last known business and residence address, last

10  known business and residential telephone number, and title) each and every one of

11  the CLASS MEMBERS.

12

13  **RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

14      Defendant objects to this Interrogatory on the grounds that it seeks

15  information that is irrelevant and immaterial to the pending action and is not

16  reasonably calculated to lead to the discovery of admissible evidence.  Defendant

17  further objects to this Interrogatory on the grounds that it calls for information, the

18  disclosure of which would constitute an unwarranted invasion of a person's

19  constitutional, statutory and/or common law rights to personal privacy and

20  confidentiality.  Defendant further objects to this Interrogatory on the grounds that

21  the disclosure of the requested information could unreasonably disrupt Defendant's

22  business operations.  Defendant further objects to this Interrogatory on the grounds

23  that individualized discovery regarding numerous putative class members in a

24  proposed class action where not class has been identified or certified is

25  inappropriate, premature, and unduly burdensome and oppressive.

26

27

28

1          1.    Plaintiffs' Contentions

2          Defendant's responses include only boilerplate objections, and are therefore

3    insufficient.  Boilerplate objections or blanket refusals inserted into a response to an

4    interrogatory are insufficient.  United States ex rel. O'Connell v. Chapman Univ.,

5    2007 U.S. Dist. LEXIS 51336, *10-*11 (E.D. Cal. 2007).

6          Plaintiffs will address each objection and why further responses should be

7    compelled.

8

9              a.    *Relevance*

10         Relevancy is broadly construed, and a discovery request should be considered

11    relevant if there is any possibility that the information sought may be relevant to the

12    claim or defense of any party.  When the discovery sought appears relevant, the

13    party resisting the discovery has the burden to establish the lack of relevance by

14    demonstrating that the requested discovery: 1) does not come within the scope of

15    relevance as defined under FRCP 26(b)(1); or 2) is of such marginal relevance that

16    the potential harm occasioned by discovery would outweigh the ordinary

17    presumption in favor of broad discovery.  See Cory v. Aztec Steel Building, Inc.,

18    225 F.R.D. 667, 672-73 (D. K.S. 2005).

19         The propriety of a class action cannot be determined in some cases without

20    discovery, as, for example, where discovery is necessary to determine the existence

21    of a class or set of subclasses.  To deny discovery in a case of that nature would be

22    an abuse of discretion.  Kamm et al. v. California City Development Company et al.,

23    509 F.2d 205, 210 (9th Cir.1975).  To pronounce finally, prior to allowing any

24    discovery, the non-existence of a class or set of subclasses, when their existence

25    may depend on information wholly within defendants' possession is inappropriate.

26    See Yaffe v. Powers, 454 F.2d 1362, 1366 (1st Cir. 1972); see also Ho v. Ernst &

27    Young, LLP, 2007 U.S. Dist. LEXIS 37700, *3, *6 (N.D. Cal. 2007) (holding that

28

1    the identification of putative class members is not premature in a class action

2    because the information sought is relevant to the certification analysis since

3    "discovery *can certainly be relevant both to class certification and to the merits*.")

4            In the instant case, Plaintiff LIST has requested only information relevant to

5    their Motion for Certification.  Plaintiffs are entitled access to percipient witnesses.

6    This information is relevant to prove, among other things, numerosity,

7    ascertainability, commonality and typicality.

8

9                    b.    *Third-Party Privacy*

10           A growing body of case law demonstrates that an objection based on the

11   privacy of third parties in class actions is improper.

12           The California Supreme Court held in Pioneer v. Superior Court (Olmstead),

13   40 Cal. 4th 360 (2007), that:

14           Contact information regarding the identity of potential class members is

15           generally discoverable, so that the lead plaintiff may learn the names of other

16           persons who might assist in prosecuting the case.  [Citations]  Such disclosure

17           involves no revelation of personal or business secrets, intimate activities, or

18           similar private information, and threatens no undue intrusion into one's

19           personal life, such as mass-marketing efforts or unsolicited sales pitches.

20   Id. at 373.

21           In fact, the Pioneer court found that a balancing of interests was not even

22   necessary because defendant was unable to show a serious invasion of the putative

23   class members' privacy.  Id.  This holding cannot be understated.  The California

24   Supreme Court held *that there was no privacy violation*.  That a third-party notice

25   would dispel any privacy arguments, were they to exist, should not be confused with

26   the holding – that there is no privacy violation when plaintiffs seek the information

27   that is the subject of this Motion.  Defendant, on the other hand, has not articulated

28

any privacy interests weighing against Plaintiffs' right to conduct discovery in support of their Motion for Certification.

California Appellate Courts have addressed the application of <u>Pioneer</u> in wage and hour class actions.  In <u>Belaire-West Landscape, Inc. v. Superior Court</u> <u>(Rodriguez)</u>, 149 Cal. App. 4th 554, 562 (2007), the court addressed the privacy concerns entailed by the disclosure of putative class members' phone numbers and addresses to plaintiff's counsel in a wage and hour matter.  The court relied upon the privacy analysis set forth in <u>Pioneer</u>.  According to <u>Pioneer</u>, a court must examine: 1) whether the claimant of the privacy right possesses a legally protected privacy interest; 2) whether the claimant has a reasonable expectation of privacy; and 3) whether the invasion of privacy is serious in nature, scope, and actual or potential impact.  If a claimant meets all of these criteria, the court must then balance the privacy interest against other competing or countervailing interests.  <u>Belaire-West</u>, at 558-59.

Like <u>Pioneer</u> (where the putative class members consisted of individuals who had complained to Pioneer that its DVD players were defective), the court in <u>Belaire-West</u> found that although the current and former employees possessed a legally protected interest, the employees did not have a reasonable expectation of privacy, given that current and former employees could be reasonably expected to want their information disclosed to a class action plaintiff who might ultimately recover for them unpaid wages they were owed.  Similarly, the court found no serious invasion of privacy resulting from disclosure of the contact information with an opt-out notice.  <u>Id</u>. at 561-562.  The court reasoned that, just as in <u>Pioneer</u>, "…the information, while personal, was not particularly sensitive, as it was contact information, not medical or financial details." <u>Id</u>. at 562.

Because there was no serious invasion of privacy with an opt-out notice, the need to engage in a balancing of interests was obviated.  <u>Id</u>. at 562.  Nonetheless, the

1    court, after engaging in a balancing analysis, found that the balance of interests

2    supported disclosure of the contact information.  Id. at 562.  In reaching that

3    conclusion, the court reasoned that the current and former employees were potential

4    percipient witnesses to the employer's employment and wage practices, and as such

5    their identities and locations were properly discoverable.  Id. at 562.  In addition, the

6    court found that the balancing of opposing interests tilted even more in favor of

7    disclosure because the case involved the fundamental public policy of ensuring the

8    prompt payment of wages due to employees.  Id. at 562.

9        As in Pioneer, the holding of Belaire-West cannot be ignored – there were no

10   privacy violations at all, and hence, no need to engage in a balancing of the

11   respective interests.  That the respective courts in Pioneer and Belaire-West found

12   that after a balancing of the respective interests plaintiffs were ***still entitled*** to the

13   discovery is of no moment.  Likewise, in the present matter, Plaintiffs are entitled to

14   the discovery of the identification of putative class members.

15       As in Belaire-West, Plaintiff LIST is merely requesting the names and contact

16   information of percipient witnesses to Defendant's wage and hour policies and

17   practices.  Furthermore, like Belaire-West, current and former employees of

18   Defendant could be reasonably expected to want their information disclosed to a

19   class action plaintiff who might ultimately recover for them unpaid wages they were

20   owed.  Finally, like Belaire-West, Plaintiff LIST has requested only the names and

21   contact information of percipient witnesses – not medical or financial details.

22   Accordingly, no serious invasion of privacy would result from disclosure of the

23   contact information, and the need to engage in a balancing test is unnecessary.  Even

24   so, under Belaire-West, the balance of interests in the instant case supports

25   disclosure because current and former employees of Defendant are percipient

26   witnesses to Defendant's wage and hour practices, and because the instant case

27

28

1  concerns the fundamental public policy of ensuring the prompt payment of wages
2  due to employees.

3         Federal courts have also dealt with the question of how to handle asserted
4  privacy interests of third parties in class actions.  In <u>Ho v. Ernst & Young, LLP</u>,
5  2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007), plaintiff moved to compel
6  defendant to produce the names and address of all members of the putative class.
7  Defendant offered to send opt-out notices through a third-party administrator to 25%
8  the putative class.[8]  <u>Id</u>. at *5.  Plaintiff sought to compel the notice to be sent to the
9  remaining 75% of the putative class.  Defendant argued that the discovery was
10 premature.  The court found this argument unpersuasive because the information
11 was relevant to the certification analysis.  <u>Id</u>. at *6.  Defendant argued that the
12 discovery sought would disturb its business operations.  <u>Id</u>.  The court noted that
13 Defendant failed to make any showing that the actual production of names and
14 addresses would itself impose a burden.  <u>Id</u>.  The court granted plaintiff's motion to
15 compel.

16        That the court in <u>Ho</u> used a third-party notice is of no moment.  The parties in
17 <u>Ho</u> had agreed to use a third-party administrator to send notices.  Federal courts
18 have also allowed the same information sought in this case to be handed directly
19 over to plaintiff's counsel.  In <u>Wiegele v. FedEx Ground Package System</u>, 2007 U.S.
20 Dist. LEXIS 9444 (S.D. Cal. 2007) a magistrate judge ordered that the names,
21 addresses, telephone numbers and email addresses of the putative class be delivered
22 to plaintiff's counsel in a wage and hour class action.[9]  Defendant appealed, arguing

23

24 _____

[8]     Plaintiff agreed to allow a mail out to 25% of the class.  It appears that
25 plaintiff retained the right to compel further production despite the compromise to
26 send a notice to a subset of the putative class.
[9]     The magistrate's order also required a protective order to limit disclosure of
27 the discovery to plaintiff's counsel and their agents, but not to any individual
28 plaintiff.

1  that the privacy rights of the putative class was violated and that the production of
2  email addresses would disrupt defendant's business.[10]  Id. at *3.

3         The district court concluded that the magistrate judge properly determined
4  that putative class members possessed relevant information regarding plaintiff's
5  wage and hour claims as well as class certification issues.  Id. at *6.  The district
6  court also noted that the privacy interests at stake were to be distinguished from
7  more intimate privacy interests such as medical records.  Id.  Lastly, the magistrate
8  judge entered a protective order to limit the use of the information.  Id.  The district
9  court also noted that a third-party neutral administrator does not necessarily have to
10 be used for these types of discovery disputes.  Id. at *7-*8.

11        Read together, Pioneer, Belaire-West, Ho and Wiegele stand for the
12 proposition that the information sought by Plaintiffs in this matter is proper.

13
14                    c.    *Disruption of Defendant's Business*
15        Ho v. Ernst & Young, LLP, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is
16 directly on point that in the absence of any actual showing that plaintiff's discovery
17 request for the identification of putative class members would disturb defendant's
18 business, a motion to compel is proper.  Id. at *6.

19
20                    d.    *Premature Discovery*
21        Ho v. Ernst & Young, LLP, 2007 U.S. Dist. LEXIS 37700 (N.D. Cal. 2007) is
22 directly on point that the identification of putative class members is not premature in
23 a class action because the information sought is relevant to the certification analysis.
24 Id. at *6.  The Ho court noted that "discovery ***can certainly be relevant both to class***
25 ***certification and to the merits***."  Id. at *3.

26

27 _____
   [10]    The district court did not rule on the disruption to defendant's business
28 because this issue had not been raised to the magistrate judge.  Id. at *12-*13.

1              e.    *Unduly Burdensome*

2          In opposing discovery on the grounds of burdensomeness, a party has the

3    burden to show facts justifying their objection by demonstrating that the time or

4    expense involved in responding to requested discovery is unduly burdensome.  This

5    imposes an obligation to provide sufficient detail in terms of time, money, and

6    procedure required to produce the requested documents.  The mere fact that

7    compliance with an inspection order will cause great labor and expense or even

8    considerable hardship and possibility of injury to the business of the party from who

9    discovery is sought does not itself require denial of a motion to compel.  See Cory v.

10   Aztec Steel Building, Inc., 225 F.R.D. 667, 672 (D. K.S. 2005).

11         Defendant's boilerplate objection that Plaintiffs' discovery is burdensome is

12   conclusory and provides no detail in terms of time, money, and procedure required

13   to produce the information requested.

14

15        2.    Defendant's Contentions

16   **A.    INDIVIDUAL INFORMATION PLAINTIFFS MAY OBTAIN**

17   **FROM EACH OF THE 207 PUTATIVE CLASS MEMBERS IS**

18   **IRRELEVANT TO CLASS CERTIFICATION.**

19        1.    *Plaintiffs Already Have Documents and Information Relevant to*

20             *Class Certification, Including the Names and Addresses of One*

21             *Third of the Putative Class.*

22         Plaintiffs' Special Interrogatories Nos. 16 through 18 seek the production of

23   the names, addresses and telephone numbers of all 207 putative class members.

24   Defendant's essential objection to these interrogatories is that whatever individual-

25   specific information Plaintiffs may obtain by contacting all the putative class

26   members is irrelevant to the issue of class certification.  Indeed, the alleged need to

27   interrogate each and every putative class member belies Plaintiffs' assertion that

28

1   their own circumstances are so representative and typical of the rest of the class that

2   the Court need only examine their circumstances to determine liability as to all.

3   Given that the information Plaintiffs request is irrelevant, its disclosure cannot

4   override the individual class member's constitutional, statutory and/or common law

5   rights to personal privacy and confidentiality, and the disruption to Defendant's

6   business operations.  Prior to class certification, disclosure of the information

7   requested is inappropriate and premature because it essentially constitutes court-

8   assisted notice to the putative class.

9        Plaintiffs claim that the names and contact information of every member of

10   the proposed class is necessary to their class certification motion, but this is

11   disingenuous.  Plaintiffs already have more than enough information they need

12   regarding class certification issues.  As a reasonable and good faith compromise,

13   Defendant has already voluntarily provided the names and contact information of 67

14   out of 207 total putative class members, i.e. approximately 32% of the putative

15   class, a number that far exceeds what other California district courts have recently

16   permitted.  Defendant has also provided Plaintiffs information regarding the size of

17   the proposed class, various documents regarding company policies and procedures,

18   the personnel and NASD files of the named plaintiffs, and the compensation and

19   employment period data for all putative class members (without identification).

20   Declaration of Theresa Mak in Support of Defendant's Stipulation Re Plaintiffs'

21   Special Interrogatories, Set Two ("Mak Decl."), ¶ 2.  If, armed with these types of

22   information and with access to a third of the putative class, Plaintiffs do not yet have

23   enough information to support their motion for class certification, then Plaintiffs'

24   proposed class will not likely be certified and Plaintiffs should not be permitted to

25   continue their fishing expedition.

26

27

28

2.      *Plaintiffs Concede that Pre-Certification Discovery Must Be Limited to Class Certification Issues.*

The Ninth Circuit has twice held that pre-class certification discovery on a classwide basis is not permissible unless plaintiffs can show that the discovery is necessary to substantiate class allegations.  *Mantolete v. Bolger*, 767 F.2d 1416,1424 (9th Cir. 1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations."); *Doninger et al. v. Pacific Northwest Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir. 1977) ("the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations").  Plaintiffs themselves agree that discovery at this stage of the litigation should be limited to issues directly relevant to class certification given Plaintiffs' own refusal to produce information on the ground that "the information sought is merits discovery and is impermissible until such time as a class is certified."  Mak Decl., ¶ 3.

3.      *Prior to Class Certification, District Courts Limit Individual Discovery to a Small Sampling In Order to Balance the Concerns of Both Parties and the Privacy Issues Regarding Putative Class Members.*

District courts in the Ninth Circuit have followed the holdings in *Mantole* and *Doninger* to deny plaintiffs' unfettered access to the names and addresses of all putative class members where plaintiffs already have access to a portion of the putative class.  In *Krzesniak v. Cendant Corp*., 2007 WL 756905, *1 (N.D.Cal. Mar 8, 2007), Magistrate Judge Maria-Elena James denied plaintiffs' request for the names and addresses of all putative class members because plaintiffs had already spoken to six (6) out of seventy-six (76) had putative class members –

1    approximately 8% of the proposed class -- and may have had access to others.  Mak

2    Decl., ¶ 4.  As an initial matter, the Court noted that "[p]rior to certification, courts

3    typically limit discovery to certification issues…."  *Krzesniak v. Cendant*, 2007 WL

4    756905 at *1.  The Court explained that good cause may exist to provide some

5    names and addresses to plaintiffs only if plaintiffs were "unable to locate and

6    interview any putative class members."  However, given that plaintiffs <u>did</u> have

7    access and the opportunity to interview a portion of the class, the Court saw no

8    reason "why these individuals would not provide Plaintiff with adequate information

9    to move for class certification."  *Id*.  The Court also warned that "compelling the

10   production of contact information prior to class certification may result in 'court-

11   initiated notice to potential claimants,' which would be inappropriate.  *Id*., *citing In

12   re Air Disaster Near Honolulu, Hawaii*, 792 F.Supp. 1541, 1551 (N.D.Cal. 1990)

13   ("court-initiated notice to potential claimants may represent an extraordinary and

14   untoward expansion of federal judicial power").

15        Very recently, District Judge William Alsup also refused to permit the

16   disclosure of the identities and contact information of all putative class members and

17   provided instead that plaintiffs have access to a small portion of the class to assist

18   them with class certification issues.  *Keene v. Coldwater Creek, Inc*., No. C 07-

19   05324 WHA (N.D.Cal. Feb 28, 2008).  Judge Alsup ordered that the employer

20   provide the names and addresses of twelve (12) putative class members out of a

21   potential class of approximately 2000, i.e., merely <u>.6%</u>.  Mak Decl., ¶ 5.  Judge

22   Alsup explained that providing a small portion of names and addresses to plaintiffs

23   "balances the need for individual employee information against the burden and

24   privacy concerns."  *Keene v. Coldwater Creek, Inc.*, at 2.

25        Many other courts have expressed their unwillingness to permit the wholesale

26   production of the names and addresses of the putative class prior to class

27   certification.  *Crawford v. Dothan City Board of Education*, 214 F.R.D. 694, 695

28

(M.D.Ala. 2003) (The United States Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees….  Where discovery is sought in the absence of a conditionally certified collective action, however, such discovery has been denied."); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D. Minn. 1991) ("In seeking court-authorized notice, plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation.  As a matter of sound case management, a court should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists."); *Shushan v. University of Colorado*, 132 F.R.D. 263, 268 (D. Colo. 1990) ("I cannot accept the extraordinary assertion that an aggrieved party can file a complaint, claiming to represent a class whose preliminary scope is defined by him, and by that act alone obtain a court order which conditionally determines the parameters of the potential class and requires discovery concerning the members of that class.  Before I conditionally determine the scope of the class, plaintiffs will need to satisfy me that there exists a definable, manageable class and that they are proper representatives of the class."); *Dionne v. Springfield School Committee*, 340 F.Supp. 334, 335 (D.Mass. 1972) ("There is a recent First Circuit case which seems to support broad-ranging discovery in this type of litigation to discovery who might be in plaintiff's class. [Citations omitted.]  This case seems to me, as a former member of the Supreme Court's Committee on Rules of Civil Procedure for the District Courts, to be contrary to the purpose of Rule 23 of the F.R.C.P., and not likely to be followed either by the Court of Appeals or the Supreme Court of the United States.").

Here, Plaintiffs already have the names and contact information for 32% of the putative class – a number that far exceeds the .6% and 8% permitted in *Keene* and *Krzesniak*, respectively, which the Courts found to be adequate for the purpose

of obtaining class certification information.  Furthermore, Plaintiffs already have their own personnel and NASD files, information regarding the size of the proposed class, information regarding Defendant's policies and procedures, and information regarding the compensation and employment periods of the putative class members (without identification).  Plaintiffs have failed to specify what information relevant to class certification they might gain from interrogating each and every putative class member that they do not yet have or to which they do not yet have access.  Therefore, Plaintiffs have failed to provide a substantial basis for disregarding the constitutionally-protected privacy rights of the putative class members, the burden on Defendant's business, and the manifest risk that provision of the information requested will result in court-assisted notice prior to class certification.

Dated: March 14, 2008            INITIATIVE LEGAL GROUP LLP


                                 By_____/s/ Shawn Westrick_____
                                        Joseph Cho
                                        Shawn Westrick
                                        Attorneys for Plaintiffs and Class


Dated: March 14, 2008            MORGAN, LEWIS & BOCKIUS LLP


                                 By_____/s/ Theresa Mak_____
                                        Rebecca Eisen
                                        Theresa Mak
                                        Attorneys for Defendant